Smith, C. J.
The question presented by these pleadings is, whether an administratrix is guilty of waste, in not paying the debts of her intestate when she has sufficient real estate, as assets, in her hands, for the purpose.
The statute (ed. 1815, 213, § 24) enacts, that every administrator shall make payment of the debts of the intestate in specie, if such he hath, as assets, in his hands, and, if he hath not the same, he shall expose the estate to the creditor, to take his satisfaction thereof, at his election; the value of said estate to be ascertained by appraisers mutually chosen, and sworn; and the same proceedings shall be had thereon as the *387 law doth, or shall hereafter, direct for satisfying executions in other cases.[1]
Whatever construction may be given to this section, clearly this plea is bad, because it does not state that the administratrix exposed the estate of her intestate to the creditor, that he might take his satisfaction thereof. " The plea admits that the estate is solvent; and it states, that there is, in the county, real estate more than sufficient to pay all the debts; but it does not show what it is and where situate, or give any such description as that the creditor, if he should elect to take it in satisfaction, may know where to find it. Suppose the plaintiffs should traverse the fact of there being real estate sufficient to satisfy the debts, or take issue on this material allegation in the plea, how could they come prepared to contest the proof on the part of the defendant? The evidence at the trial would be the first notice of the title they were to contest.
But it is not necessary to decide the cause on this point. The plea would have been bad, if it had stated that the defendant, having no specie, as assets, in his hands, had exposed to the plaintiffs, after the judgment and execution awarded, certain real estate, describing it particularly in his plea, of greater value than the debt, and had tendered the same in satisfaction thereof. And for this plain reason, because the creditor is not bound to take satisfaction, by extent, on the real estate of the deceased. He may take it at his election. And this election is not between taking lands in satisfaction, and suffering his debt to remain unsatisfied ; but between taking lands-, and compelling the administratrix to turn the lands into specie, so that she may be enabled to pay all the debts in specie. This execution is to be satisfied just as it might have been if it had been issued against the intestate in his lifetime. The creditors might, if they pleased, levy on bis lauds or goods. The only difference is, that, as they cannot now have the body, to bold till payment made in specie, they may now *388 have the body of the administratrix till she pay the debt in specie. These creditors are no inore bound to take land in satisfaction, after the death of their debtor, than before. It is the duty of the representative of the debtor to pay in specie, having assets sufficient, just as it was the duty of the debtor himself to do so.
In construing this clause of the statute, the defendant leaves out the words “ to take his satisfaction thereof at his election.” This clause states the law, as far as it goes, correctly; but it does not state all the law. It says the administrator shall pay in specie when he has it; he shall expose the-estate when he has not specie; that the creditor may, if'he pleases, take satisfaction out of the estate, i. e. make specie out of the goods, or take the land at an appraisal. The statute goes no further; but the common law — regarding the rights of the creditors, and the duty and obligation of a debtor, and of him who represents a debtor — enjoins this further duty on the administrator, viz. to convert the estate into specie by a sale, when the creditor refuses to take satisfaction in any thing but specie. In this way, and this alone, the administrator will have administered the estate according to law. In this way he will have specie in his hands. The law has clothed the administrator with ample power and authority for the purpose, and it has given him sufficient time in protecting him one year from all suits, (a)
I consider the decision in Brattle, ex'r, v. Willard, adm'r, at Circuit Court, New Hampshire District, May Term, 1798, as decisive in favor of the plaintiff. 1 Manuscript Reports, 167.[1]
*389 [The remainder of the opinion relates to the question of interest.]

Plea bad.

[1]

 Interest not allowed.

 Mead v. Harvey, 1821, 2 N. H. 341, decides, what was assumed in Brattle v. Willard, and Bank v. Mellen, that an execution issuing against the goods and estate of a person deceased, in the hands of his executor or administrator, may be extended upon lands which were of the deceased.

 Non-payment of a debt by the administrator, when there are sufficient funds, is'waste; and the Massachusetts statute of 1784, p. 93, declares (what was just as true before as after) that the neglect or unreasonable delay of executor or administrator to raise money out of the estate (the' real, if need be, and he has power or can obtain license to sell the same) (and by such neglect or delay the estate shall be taken in execution), the same shall be deemed waste and unfaithful administration.

 Judge Smith’s minutes show that the manuscript report of Brattle v. Willard was read by him upon the delivery of the above opinion in Bank v. Mellen.

 Sustained by Bates v. Kimball, 1826, 1 Aik. 95. See also Abbott v. Cole, 1831, 5 Ohio (Hammond), 87; Prescott v. Pitts, 1812, 9 Mass. 376; Andrews v. Tucker, 1828, 7 Pick. 250; Newcomb v. Wing, 1825, 3 Pick. 168; Minor v. Mead, 1820, 3 Conn. 289; Wells, J., in Hannum v. Day, 1870, 105 Mass. 33, 37.
Upon the revision of the probate laws in 1822, it was made the duty of the administrator to apply for, and procure, license for the sale of the realty, when the personalty was insufficient to pay the debts; and the unreasonable neglect or refusal of the administrator to procure license and sell, was declared to be maladministration and a breach of his bond. Laws of 1822, c. 31, § 5; substantially re-enacted in Rev. Stat. c. 159, § 12, and Gen. Laws, c. 196, § 13. See Sargent, J., in Hall v. Woodman, 1870, 49 N. H. 295, 309.
It is held maladministration if an executor sells realty under a license procured by the false representation that the assets were deficient. Chapin v. Waters, 1872, 110 Mass. 195; and see Richardson, C. J., in Mead v. Harvey, 1821, 2 N. H. 341, 347.